**CABOT**
**MANTANONA LLP**
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



**FILED**
DISTRICT COURT OF GUAM

SEP 2 6 2006

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | | |
|---|---|---|
| Claudette McGhee, | ) | Civil Case No. 1:06-cv-00014 |
| | ) | |
| Plaintiff, | ) | **DEFENDANT DELOS SANTOS'** |
| | ) | **MOTIONS: (I) TO LIMIT APPEARANCE** |
| | ) | **(II) TO DISMISS –** |
| v. | ) | **(A) SUBJECT MATTER JURISDICTION** |
| | ) | **(B) PERSONAL JURISDICTION** |
| | ) | **(C) INSUFFICIENT PROCESS** |
| Herominando Delos Santos, et al. | ) | **(D) INSUFFICIENT SERVICE; ALTERNA-** |
| | ) | **TIVELY: (III) TO STRIKE COMPLAINT;** |
| Defendants. | ) | **(IV) FOR MORE DEFINITE STATEMENT** |
| | ) | |

COMES NOW Herominando Delos Santos (sic.) ("Dr. delos Santos"), through Cabot

Mantanona LLP, by David W. Hopkins, Esq., and very respectfully moves this Honorable

Court for orders: (I) to limit the effect of Dr. delos Santos' appearance in this action and

permitting Dr. delos Santos to assert his defenses and objections against plaintiff's claims

herein, without submitting to the *in personam* jurisdiction of this court; (II) to dismiss

plaintiff's claims herein due to – (A) lack of jurisdiction over the subject matter – (B) lack of

jurisdiction over the person – (C) insufficiency of process – (D) insufficiency of service of

process; (III) alternatively, to strike plaintiff's complaint herein because it is impertinent; and

(IV) alternatively, to require a more definite statement because plaintiff's complaint filed

**ORIGINAL**

herein on May 24, 2006, is so vague and ambiguous that Dr. delos Santos cannot reasonably be required to frame a responsive pleading.

## I. Motion for Order to Limit Effect of Appearance

Dr. delos Santos, through Cabot Mantanona LLP, by David W. Hopkins, Esq., very respectfully moves this Honorable Court for an order to limit the effect of Dr. delos Santos' appearance in this action and permitting Dr. delos Santos to assert his defenses and objections against plaintiff's claims herein, without submitting to the *in personam* jurisdiction of this court. This motion is made on the grounds that: (A) this Honorable Court has never issued a summons herein; and (B) Dr. delos Santos was never properly served with process herein, as is more fully shown by Exhibits "A," "A-1," "B," "B-1," and "B-2," attached and incorporated by reference; Exhibits "A" and "B" were declared under penalty of perjury on September 26, 2006.

## II. Motions for Order to Dismiss Plaintiff's Claims Herein

### A. Lack of Jurisdiction over the Subject Matter

Dr. delos Santos very respectfully moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") on the grounds that: (1) Plaintiff's claims herein are barred by the Eleventh Amendment; (2) this Honorable Court lacks subject matter jurisdiction because although plaintiff herein filed an Equal Employment Opportunity Commission ("EEOC") complaint, plaintiff herein never filed an EEOC complaint against Dr. delos Santos.

-2-

### 1. Plaintiff's Claims Herein are Barred by the Eleventh Amendment.

In *Jackson v. Hayakawa*, 682 F.2d 1344, (9th Cir. 1982) ("*Jackson*"), plaintiffs

appealed a judgment dismissing their civil rights action against individual past and present

members of the Board of Trustees of San Francisco State College (called the California

State University at San Francisco at the time of the appellate opinion). *See id.* at 1346. The

district court dismissed the action, relying upon Eleventh Amendment immunity, defective

service of process against certain defendants in their individual capacities, expiration of the

statute of limitations against certain defendants, and failure to state a claim. *Id.*.

*Jackson* states in pertinent part:

> .... The district court was correct in characterizing the California State College and the university system of which California State University at San Francisco is a part as dependent instrumentalities of the state. Although this court has not ruled upon the Eleventh Amendment status of the California State College and university system, the University of California and the Board of Regents are considered to be instrumentalities of the state for purposes of the Eleventh Amendment. *Hamilton v. Regents*, 293 U.S. 245, 257, 55 S.Ct. 197, 201, 79 L.Ed. 343 (1934); *Whitner v. Davis*, 410 F.2d 24 (9th Cir. 1969) (the University and the Board of Regents are not "persons" within the meaning of 42 U.S.C. § 1983); ....
>
> \* \* \*
>
> The court correctly noted that Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity of which the officer is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

*Jackson*, 682 F.2d 1344, 1350 (9th Cir. 1982).

-3-

Dr. delos Santos very respectfully submits that at all times relevant herein, he was

acting within the scope of his employment as the President of Guam Community College

("GCC").[1]  *See* Exhibit "2."  Therefore, under the facts presented herein, Dr. delos Santos

is protected by Eleventh Amendment immunity.

### 2. The Plaintiff Herein Failed to Exhaust Her Administrative Remedies as to Dr. delos Santos.

This Honorable Court lacks subject matter jurisdiction because although plaintiff

herein filed an Equal Employment Opportunity Commission ("EEOC") complaint against the

Guam Community College, plaintiff herein never filed an EEOC complaint against Dr. delos

Santos.   Exhaustion of administrative remedies is a jurisdictional requirement and

prerequisite before this Honorable Court can have subject matter jurisdiction over plaintiff's

complaint alleging employment discrimination.

In  *Sommatino v. U.S.*, 255 F.3d 704 (9th Cir. 2001), Shelley Sommatino

("Sommatino") appealed the district court's dismissal with prejudice of her action in which

she asserted claims under Title VII of the Civil Rights Act of 1964. *See id.* at 705.  The

district court concluded that it had no jurisdiction to consider her Title VII claims because

---

[1] 17 G.C.A. § 31110, states in pertinent party: GUAM CODE ANNOTATED, TITLE 17.
EDUCATION, DIVISION 4. GUAM COMMUNITY COLLEGE, CHAPTER 31. GCC ADMINISTRATION,
**§ 31110. President.** (a) The Board shall appoint the President of the College who shall be its chief executive
officer. The President of the college shall serve as the executive officer of the Board and shall have full
charge and control not in conflict with the policy making authority of the Board of Trustees of the
administration and business affairs of the College. (b) The powers of the President include the following:
* * * (4) to devote his entire time to the business of the College, to select and appoint the employees of the
College except as other wise provided by this Chapter and to plan, organize, coordinate and control the
services of such employees in the exercise of the power of the College under the general direction of the
Board; * * * 17 G.C.A. § 31110 (Emphasis added.).

-4-

Sommatino did not file an administrative complaint. *Id.*. The U.S. Circuit Court of Appeals for the Ninth Circuit affirmed the judgment of the district court, stating, "In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction." *Id.* at 708.

Therefore, because the plaintiff herein did not pursue her discrimination complaints against Dr. delos Santos administratively with the EEOC before filing her complaint herein, this Honorable Court lacks subject matter jurisdiction and plaintiff's claims must be dismissed.

## B. Lack of Jurisdiction over the Person

Dr. delos Santos very respectfully moves to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(4) on the ground that this Honorable Court lacks jurisdiction over Dr. delos Santos herein because Dr. delos Santos was not served with process in conformity with the provisions of Fed.R.Civ.P. 4(e) because, as shown by Exhibits "A," "A-1," "B," "B-1," and "B-2," attached and incorporated by reference, and detailed below, the plaintiff herein only mailed the complaint herein and the defective, purported summons. The Federal Rules of Civil Procedure do not permit service of process under the circumstances herein by mailing a complaint and a defective, purported summons.

"Although [the plaintiff herein is] *pro se*, [s]he is expected to abide by the rules of the court in which [s]he litigates. *See* ...; *United States v. Merrill,* 746 F.2d 458, 465 (9th

-5-

Cir.1984), *cert. denied,* 469 U.S. 1165, 105 S.Ct. 926, 83 L.Ed.2d 938 (1985)." *Carter v.*

*Commissioner,* 784 F.2d 1006, 1008 -1009 (9th Cir. 1986) (Citation omitted.). The rules that

govern the proceedings herein are the Federal Rules of Civil Procedure. Fed.R.Civ.P. 1.

Fed.R.Civ.P. 4 states in pertinent part:

\* \* \*

> **(c) Service with Complaint; by Whom Made.**
> (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

\* \* \*

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint,[2] the court, upon motion or on its own initiative after notice to the plaintiff, **shall** dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4 (**Emphasis** added.).

Because Dr. delos Santos was not served in accordance with Fed.R.Civ.P. 4(d),

there is no personal jurisdiction herein. *See Jackson v. Hayakawa,* 682 F.2d 1344, 1347

---

[2] Dr. delos Santos very respectfully requests that this Honorable Court take judicial notice of the following facts: (a) the Docket Report herein shows that the complaint herein (Docket No. 1) was filed on May 24, 2006; (b) the Docket Report herein shows that no summons has been issued by the Court herein; (c) the Docket Report herein shows that no summons has been returned executed; and (d) service of a properly issued summons and complaint was not made upon any of the defendants herein on or before September 22, 2006, 120 days after the filing of the complaint.

McGhee v. delos Santos, et al., Civil Case No. 1:06-cv-00014
Defendant Delos Santos' Motions: (I) To Limit Appearance (II) To Dismiss -
(A) Subject Matter Jurisdiction (B) Personal Jurisdiction (C) Insufficient Process
(D) Insufficient Service; Alternatively: (III) To Strike Complaint; (IV) For More Definitive Statement

(9th Cir. 1982). Actual notice will not subject Dr. delos Santos to personal jurisdiction herein because service was not made in substantial compliance with Rule 4. *Id.*.

This Honorable Court should dismiss the complaint herein due to lack of personal jurisdiction because the Docket Report herein shows that no summons has been issued by the Court herein and service of a properly issued summons and complaint was not made upon Dr. delos Santos on or before September 22, 2006, 120 days after the filing of the complaint. Dr. delos Santos would otherwise suffer prejudice herein because although the complaint was filed on May 24, 2006, plaintiff unreasonably delayed for a period of more than four (4) months in affecting even the issuance of and the service of a properly issued summons on Dr. delos Santos, during which time the right to litigate had run on plaintiff's cause of action. That a claim is time-barred does not suffice to waive the requirement of service. *See Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987); *accord, Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003) ("The expiration of the statute of limitations period ... is not sufficient to establish good cause" to extend the time for service).

## C. Insufficiency of Process

Dr. delos Santos very respectfully moves to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(4), on the ground that this Honorable Court lacks jurisdiction over Dr. delos Santos herein because the defective, purported summons herein in many respects clearly failed to comply with the Federal Rules of Civil Procedure, as shown by Exhibits "B" and "B-2," attached and incorporated by reference, and detailed below. Specifically, the

-7-

defective, purported summons had four (4) major defects and did not comply with

F.R.Civ.Pro. 4(a) because it, without limitation:

        a.    was not signed by the clerk;

        b.    did not bear the seal of the court;

        c.    did not identify the court; and

        d.    did not state the name and address of the *pro se* plaintiff.

### D. Insufficiency of Service of Process

Dr. delos Santos very respectfully moves to dismiss this action pursuant to Rule

12(b)(5), F.R.Civ.Pro., for the reasons set forth in section II., B., above, which is

incorporated by reference as if set forth here in its entirety.

> ...[A] challenge to jurisdiction over the person can be regarded
> as including a challenge to the method of service, since
> improper service will result in lack of jurisdiction over the
> person. For this reason, the defenses of lack of jurisdiction over
> the person and insufficiency of service of process are
> sometimes viewed as interchangeable for purposes of Rule 12.

*Fish v. Bamby Bakers, Inc.*, 76 F.R.D. 511, 513 (D.C.N.Y. 1977).

### III. Alternatively, Motion to for Order Striking Plaintiff's Complaint Herein

Alternatively, notwithstanding, and without waiving Dr. delos Santos' foregoing

defenses and objections, Dr. delos Santos very respectfully moves to strike plaintiff's

complaint herein pursuant to Fed.R.Civ.P. 12(f) because the complaint, in all material

respects, is impertinent.

Fed.R.Civ.P. 12(f), states in pertinent part: "**(f) Motion to Strike.** Upon motion made

by a party before responding to a pleading ... the court may order stricken from any pleading

any ... impertinent ... matter. Fed.R.Civ.P. 12(f). "... [I]mpertinence is the introduction of any

matters in a bill, answer, or other pleading in the suit which are not properly before the court

for decision at any particular stage of the suit." *Harrison v. Perea*, 168 U.S. 311, 318-319,

18 S.Ct. 129, 132 (1897).

Dr. delos Santos very respectfully submits that plaintiff's complaint, all material

respects, is not properly before this Honorable Court for decision because the complaint

filed herein on May 24, 2006, does not comply with the Federal Rules of Civil Procedure in

basic, fundamental respects.

F.R.Civ.Pro. 8, states in pertinent part:

> **Rule 8. General Rules of Pleading**
> **(a) Claims for Relief.** A pleading which sets forth a claim for
> relief, ... shall contain ... (1) a short and plain statement of the
> grounds upon which the court's jurisdiction depends, ..., (2) a
> short and plain statement of the claim showing that the pleader
> is entitled to relief, and (3) a demand for judgment for the relief
> the pleader seeks. Relief in the alternative or of several
> different types may be demanded.
> * * *
> **(e) Pleading to be Concise and Direct; Consistency.**
>
> **(1)** Each averment of a pleading shall be simple, concise, and
> direct. ....

Fed.R.Civ.P. 8. These provisions are reinforced by Fed.R.Civ.P. 10(b), which states in

pertinent part:

-9-

McGhee v. delos Santos, et al., Civil Case No. 1:06-cv-00014
Defendant Delos Santos' Motions: (I) To Limit Appearance (II) To Dismiss -
(A) Subject Matter Jurisdiction (B) Personal Jurisdiction (C) Insufficient Process
(D) Insufficient Service; Alternatively: (III) To Strike Complaint; (IV) For More Definitive Statement

### Rule 10. Form of Pleadings

\* \* \*

**(b) Paragraphs; Separate Statements.** All averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth.

Fed.R.Civ.P. 10(b).

The complaint herein does not comply with F.R.Civ.Pro. 8(a)(1) because it does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends. Instead, the complaint herein states, "**The jurisdiction of this court is invoked pursuant to Rule 8(a) (sic) Federal Rules of Court Procedure,** " (Docket No. 1, p. 1. (**Emphasis** in original) which is inadequate.

Furthermore, the complaint herein does not comply with the requirements of F.R.Civ.Pro. 8(a)(2), 8(a)(3), 8(e)(1), or 10(b). The plaintiff's complaint contains, in essay format, a series of unstructured narratives that: (A) do not fairly, properly, or adequately notify Dr. delos Santos of what the plaintiff's claim is and the grounds upon which it rests; and (B) are not specific and concrete enough to enable Dr. delos Santos to prepare a response, and, if necessary, a motion for summary judgement based upon immunity. Instead, the plaintiff's complaint should contain contain: (A) a short and plain statement of the claim showing that the pleader is entitled to relief, as required by Fed.R.Civ.P. 8(a)(2);

-10-

(B) simple, concise, and direct averments, as required by Fed.R.Civ.P. 8(e)(1); (C) averments made in numbered paragraphs, each of which limited as far as practicable to a statement of a single set of circumstances and in separate claims, as required by Fed.R.Civ.P. 10(b); and (D) statements that are specific and concrete enough to enable Dr. delos Santos to prepare a response, and, if necessary, a motion for summary judgement based upon immunity.

### IV. Alternatively, Motion for Order to Require a More Definite Statement

Alternatively, notwithstanding, and without waiving Dr. delos Santos' foregoing defenses and objections, Dr. delos Santos very respectfully moves, pursuant to Fed.R.Civ.P. 12(e), for an order to require a more definite statement because plaintiff's complaint filed herein on May 24, 2006, is so vague and ambiguous that Dr. delos Santos cannot reasonably be required to frame a responsive pleading.

The complaint is defective, in all material respects, because it contains, in essay format, a series of unstructured narratives that do not properly or adequately inform Dr. delos Santos of the alleged infractions to which he must respond.

Dr. delos Santos desires plaintiff to furnish details as follows:

1.      short and plain statements of the claim(s) showing that the pleader is entitled to relief, as required by Fed.R.Civ.P. 8(a)(2);

2.      simple, concise, and direct averments, as required by Fed.R.Civ.P. 8(e)(1);

and

3.      averments made in numbered paragraphs, each of which limited as far as practicable to a statement of a single set of circumstances and in separate claims, as required by Fed.R.Civ.P. 10(b).

Counsel for Dr. delos Santos has attempted to contact Ms. McGhee without success. Therefore, undersigned counsel has not been able to determine whether Ms. McGhee opposes this request.

Respectfully submitted this 26th day of September, 2006.

                                        CABOT MANTANONA LLP

By:     _____

                                        DAVID W. HOPKINS

DWH:km
GCC - McGhee\MOTION TO DISMISS ETC.

-12-

**CABOT
MANTANONA LLP**
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| Claudette McGhee, ) | Civil Case No. 1:06-cv-00014 |
| Plaintiff, ) | |
| vs. ) | |
| Herominando Delos Santos, et al. ) | **DECLARATION OF FRANK MENO** |
| Defendants. ) | |

I, FRANK MENO, declare as follows:

1.    I have personal knowledge of the facts stated below and would so testify if called as a witness herein.

2.    I am employed at Guam Community College ("GCC") as a messenger.

3.    On August 16, 2006:

a.    I accepted delivery of an express mail envelope, a true and correct copy of which is attached as Exhibit "A-1" and incorporated by reference, at the U.S. Post Office in Barrigada, Guam.

b.    I signed the return receipt that was attached to the above-referenced express mail envelope.

4.    On August 17, 2006, after sorting the mail that I received on August 16, 2006, I delivered the above-referenced express mail envelope to the secretary in the GCC President's Office, Ms. Anita Limtiaco.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of September, 2006.

FRANK MENO

DWH:km
GCC\Declaration 2 of Frank Meno

**EXHIBIT "A"**



FLAT RATE

EXPRESS

**HOW TO USE:**

**1. COMPLETE LABEL**

**2. PAYMENT METHOD**

**3. ATTACH LABEL**

**4. DROP OFF/PICK UP**

The efficient FLAT RATE ENVELOPE. You don't the Express Mail FLAT RATE postage. Some restriction

Recycled Paper

U.S. POSTAGE PAID
VAN NUYS, CA 91401
AUG 07 '06
AMOUNT
$16.25
0000/8820-23

UNITED STATES POSTAL SERVICE
0000

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Addressee Copy**
Label 11-B, March 2004

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

TO: (PLEASE PRINT)   PHONE ( ) 735-5550

Abt. Morris-r. Debra SenZaylos
Green Community College
Forest Hall 221
Forene ville
9 6 9 3 1

**ORIGIN (POSTAL SERVICE USE ONLY)**

FROM: (PLEASE PRINT)   PHONE ( 818 ) 730-7193

Claudette McClues
1635 Colby Avenue

**FOR PICKUP OR TRACKING**
Visit **WWW.USPS.COM**
Call 1-800-222-1811

PRESS HARD, YOU ARE MAKING 3 COPIES

EXHIBIT A-1"

**CABOT**
**MANTANONA LLP**
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | | |
|---|---|---|
| Claudette McGhee, | ) | Civil Case No. 1:06-cv-00014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DECLARATION OF ANITA K. LIMTIACO** |
| Herominando Delos Santos, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, ANITA K. LIMTIACO, declare as follows:

1.    I have personal knowledge of the facts stated below and would so testify if called as a witness herein.

2.    I am employed at Guam Community College ("GCC") as a secretary in the GCC President's Office; I have been so employed since 2002.

3.    Dr. H. delos Santos has been duly employed as the GCC President during the period from 2000 to the present.

4.    On August 17, 2006: (a) I received from Mr. Frank Meno an express mail envelope, a true and correct copy of which is attached as Exhibit "B-1" and incorporated by reference; and (b) I opened the above-referenced express mail envelope and examined its contents, complete, true and correct copies of which are attached as Exhibit "B-2" and incorporated by reference.

5.    Upon the instruction of the GCC President, I sent complete copies of the contents of the above-referenced express mail envelope to Cabot Mantanona LLP.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of September, 2006.

_____
ANITA K. LIMTIACO

DWH:km
GCC\Declaration 2 of Anita K Limtiaco

**EXHIBIT "B"**

FLAT RATE

EXPRESS

Recycled Paper

U.S. POSTAGE PAID
VAN NUYS, CA
9140
AUG. 07, '06
AMOUNT
$16.25
00067820-23
0000

UNITED STATES POSTAL SERVICE

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

Addressee Cop
Label 11-B, March

**Post Office To Addressee**

DELIVERY (POSTAL USE ONLY)

Delivery attempt | Time | □ AM □ PM | Employee Signature
Mo. Day

Delivery Attempt | Time | □ AM □ PM | Employee Signature
Mo. Day

Delivery Date | Time | □ AM □ PM | Employee Signature
Mo. Day

**CUSTOMER USE ONLY**

TO: (PLEASE PRINT) PHONE ( 671 ) 735-5550

Att. Hermann Debbo Scolaylos
Guam Community College

ZIP + 4 (U.S. ADDRESSES ONLY, DO NOT USE FOR FOREIGN POSTAL CODES)

9 6 9 2 1 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code | Day of Delivery | Postage

□ Next □ 2nd □ 2nd Day
Scheduled Date of Delivery | Return Receipt Fee
Month Day

Date Accepted
Mo. Day Year

Scheduled Time of Delivery | Insurance Fee
□ Noon □ 3 PM

Time Accepted
□ AM □ PM

COD Fee

Military
□ 2nd Day □ 3rd Day

Flat Rate □ or Weight | Int'l Alpha Country Code | Total Postage & Fees
lbs.

Acceptance Emp. Initials

FROM: (PLEASE PRINT) PHONE ( 818 ) 761-7193

Claudette McClee
634 Colorado
los angeles

FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call 1-800-222-1811

EMS

**HOW TO USE:**

**1. COMPLETE LABEL**

**2. PAYMENT METHOD**

**3. ATTACH LABEL**

**4. DROP OFF/PICK UP**

The efficient FLAT RATE ENVELOPE. You don't the Express Mail FLAT RATE postage. Some restricti

PRESS HARD, YOU ARE MAKING 3 COPIES

Case 1:06-cv-00014    Document 14    Filed 09/26/2006    Page 16 of 18

**EXHIBIT** "B-1"

*Received  August 2, 2006*
*Melvin*

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| Claudette McGhee, | Civil Case No. 1:06-cv-00014 |
| Plaintiff, | |
| vs. | **SCHEDULING NOTICE** |
| Herominando Delos Santos, et al., | |
| Defendants. | |

Claudette McGhee
6836 Colbath Avenue
Van Nuys, CA 91405

---

The Local Rules establish procedures for complying with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. Counsel should study the Local Rules before attempting to process cases in this Court.

Pursuant to Local Rules 16.1 and 16.2, it is hereby ORDERED that:

1. Counsel of record and all pro se litigants that have appeared in the case must meet and confer, within fifteen (15) days after receipt of this Notice, but no later than sixty (60) days after the filing of the complaint, prior to commencing discovery.

2. A proposed Scheduling Order and a proposed Discovery Plan shall be lodged on or before **08/07/2006**. Careful and immediate attention should be given to the directions in Local Rules 16.1 and 16.2 to ensure complete and timely compliance with Federal Rules 16(b) and 26(f), and the Local Rules.

3. Counsel for the plaintiff, or if the plaintiff is pro se, then the pro se plaintiff, must take the lead in the preparation of the Scheduling Order. If a defendant is not contacted by a pro se plaintiff within the required time frame, the defendant's counsel shall contact the pro se plaintiff and arrange a meeting to comply with this Rule in the appropriate time frame. The failure of a party or its counsel to participate in good faith in the framing of a Scheduling Order may result in the imposition of sanctions.

# EXHIBIT "B-2"

4. Counsel of record and all pro se litigants that have appeared in the case are jointly responsible for submitting a Proposed Discovery Plan to the Court.

5. A Scheduling Conference shall be held on **Tuesday, August 22, 2006 at 10:30 AM in the 3rd Floor Chambers**.

6. Counsel are reminded that:
    a) The filing of motions does not postpone discovery.
    b) Local Rule 37.1 governs discovery disputes and motions.
    c) The number and form of interrogatories are governed by Local Rule 33.1.
    d) Discovery documents and certificates of service shall not be filed with the Clerk until there is a proceeding in which the document or proof of service is in issue.

Dated:    July 17, 2006

**/s/ Mary L.M. Moran**
Clerk of Court
