
**FILED**
DISTRICT COURT OF GUAM

OCT 2 5 2006

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| CLAUDETTE McGHEE,<br><br>Plaintiff,<br><br>vs.<br><br>HEROMINANDO DELOS SANTOS,<br>JOHN RIDER AND GARY HARTZ,<br><br>Defendants. | Civil Case No. 06-00014<br><br>**ORDER** |

Presently before the Court is defendant's, Herominando Delos Santos, Motions: (I) to Limit Appearance, (II) to Dismiss – (A) Subject Matter Jurisdiction, (B) Personal Jurisdiction, (C) Insufficient Process, (D) Insufficient Service; Alternatively: (III) to Strike Complaint; (IV) for More Definite Statement[1]. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[2] The Court hereby issues the following decision.

---

[1] The plaintiff, proceeding *pro se*, has failed to respond to the motions.

[2] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

## BACKGROUND

This action was brought *pro se*, by the plaintiff, Claudette McGhee, pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.*, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and Title 42 U.S.C. § 1981. The plaintiff claims that while she was employed at the Guam Community College she was subjected to discrimination. At the time the plaintiff's employment was terminated, defendant Mr. Delos Santos was the President of Guam Community College, defendant Mr. Rider was the Vice President and defendant Mr. Hartz was the plaintiff's supervisor. On September 26, 2006, the defendant Mr. Delos Santos filed the instant motions.

## DISCUSSION

The defendant first moves this Court to allow the defendant, Mr. Delos Santos to enter a limited appearance for purposes of his motions, without submitting to the *in personam* jurisdiction of this Court. The Court grants this motion since the Court finds that service was insufficient as discussed herein.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure defendant Mr. Delos Santos argues this Court lacks jurisdiction over the subject matter on the grounds that: (1) the plaintiff's claims are barred by the Eleventh Amendment and (2) the plaintiff never filed an Equal Employment Opportunity Commission ("EEOC") complaint against the defendant, individually. The Court denies the dismissal of this complaint on these grounds. First, "[t]he Eleventh Amendment does not of its own force apply to the Territories, and the Organic Act of Guam, 64 Stat. 384 (codified at 48 U.S.C. § 1421 et seq. (1982 ed.)), which makes applicable to Guam numerous specific sections of the Constitution and Bill of Rights, expressly does not confer Eleventh Amendment immunity on the Territory." *Ngiraingas v. Sanchez* 495 U.S. 182, 202-203. (1990). Second, Title VII charges can be brought against persons not named in an E.E.O.C. complaint as long as they were involved in the acts giving rise to the E.E.O.C. claims. *See Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir. 1996).

Next, the defendant contends the Court lacks personal jurisdiction over the defendant

because he was not served with process in conformance of the Rules of Civil Procedure. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P.4." *Direct Mail Specialists v. Eclat Computerized Techs.,Inc.,* 840 F.2d 685, 688 (9th Cir. 1988). Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure allow a motion to dismiss for insufficiency of process and insufficiency of service of process. Rule 12(b)(4) is intended to challenge irregularities in the contents of a summons, whereas, Rule 12(b)(5) permits a defendant to challenge the method of service attempted by the plaintiff. The defendant moves the Court to dismiss this action under both rules challenging the contents of the summons and the method of service.

The plaintiff proceeding *pro se* filed a complaint on May 24, 2006, against the defendants for discrimination allegedly sustained while she was employed with the Guam Community College. Thereafter, the plaintiff was to serve each of the defendants a copy of the complaint and summons. Although the plaintiff herein is *pro se*, she is expected to abide by the Federal Rules of Civil Procedure. *See Carter v. Commissioner*, 784 F.2d 1006, 1008 -1009 (9th Cir. 1986).

Rule 4 of the Federal Rules of Civil Procedure sets forth the requisite methods of process upon the defendants. Rule 4 (c) provides:

**(c) Service with Complaint; by Whom Made.**

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

FED. R. CIV. P. 4(c).

As to the summons mailed to defendant Mr. Delos Santos, the plaintiff did not even minimally comply with the federal rules regarding the form and issuance of it. Rule 4(a) of the Federal Rules of Procedure states:

**Summons.**

**(a) Form.** The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney, or if unrepresented, of the plaintiff.

FED. R. CIV. P. 4(a).

Here, the summons was not signed by the clerk, did not bear the seal of the court, did not identify the court, and did not state the name and address of the *pro se* plaintiff. *See* Motion, Attachment I. It is clear that process was insufficient.

Next, the defendant, Mr. Delos Santos claims that the method of service was insufficient. Rule 4(e) provides for the method of service as follows:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) be delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service or process.

FED. R. CIV. P. 4(e).

Rather than by methods of service permitted under the federal rules or the Guam's local rules,[3] the plaintiff mailed a copy of the complaint and the defective, purported summons to defendant Mr. Delso Santos at his place of employment. However, service of process by mailing a complaint and summons is not authorized. *See* Fed.R.Civ.P. 4; LR 4.1. Accordingly, process of service was insufficient.

As to the other named defendants, the plaintiff has made no apparent attempt at serving the complaint and summons. In fact, no proof of any kind demonstrating that service was completed on any of the defendants is listed on this Court's docket. A plaintiff bears the burden of showing that the court's personal jurisdiction is properly exercised when service of process is challenged. *See Hirsh v. Blue Cross Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*,

---

[3] Pursuant to 7 Guam Code Ann. § 14105, service of the summons and a copy of the complaint is to be upon the defendant personally.

682 F.2d 1344, 1347 (9th Cir. 1982) (citations omitted). The plaintiff had 120 days as allowed by Federal Rule of Civil Procedure 4 (m) to effectuate service or run the risk of having her complaint dismissed. Rule 4(m) provides:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

As noted, the plaintiff has not properly served the defendant, Mr. Delos Santos nor has she served the other two defendants within the 120 day period. Defendant Mr. Delos Santos has challenged the defective service and has never waived the defect. "Defendants can waive the defect of lack of jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citations omitted). Accordingly, the Court finds there is a basis to grant Mr. Delos Santos motion. However, the Court realizes that the plaintiff is proceeding *pro se* and that the dismissal of this matter, although without prejudice, could actually preclude the plaintiff from proceeding because other time bars would be interposed. When a *pro se* litigant technically violates a rule, the court should act with leniency. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986).

Here, the plaintiff has not filed an opposition to the defendant's motions. As such it is difficult to determine whether there is a justifiable excuse or good cause for the failure to properly serve the defendants. Accordingly, the Court hereby orders the plaintiff to show good cause why service of process has not been properly made on the defendants and why this case should not be dismissed . If good cause is not shown, dismissal is required. *See Wei v. Hawaii*, 763.F.2d 370, 372 (9th Cir. 1985). The plaintiff shall have until December 15, 2006 to file her brief concerning this matter.[4]

---

[4] On June 27, 2006, the plaintiff filed a document captioned "Off-Island" informing the Court that she would be off island seeking medical treatment and caring for her ailing mother and would not return to Guam until December 2, 2006. *See* Docket No. 2. The plaintiff should

The defendant also requests in the alternative, that the complaint be stricken or that the Court order the plaintiff to file a more definite statement. The Court agrees with the defendant that the complaint as drafted is not in conformance with Rules 8 and 10 of the Federal Rules of Civil Procedure making it difficult if not impossible for a defendant to file an answer. The complaint is in narrative form, containing many averments in unnumbered paragraphs that do not properly or adequately notify the individual defendants of the allegations to which they should respond. Rule 10 of the Federal Rules of Civil Procedure states that:

> **Rule 10. Form of Pleadings.**
>
> **(b) Paragraphs; Separate Statements.** All averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence . . . shall be state in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

FED. R. CIV. P. 10(b).

In the event the Court does not dismiss the complaint for insufficient process and service, the Court may consider allowing the plaintiff to file an amended complaint, should she so move for such relief. In the event the Court grants leave for the plaintiff to file an amended complaint, these remaining motions will be considered moot, without need for an additional Court order.[5]

## CONCLUSION

Based upon the foregoing, the Court hereby **GRANTS** the defendant Mr. Delos Santos'

---

bear in mind that if she does not meet the Court's deadline of filing her brief by December 15, 2006, the Court will summarily dismiss this action *sua sponte*.

[5]In the event, the plaintiff is permitted to file an Amended Complaint she should do so in compliance with the Federal Rules of Civil Procedure and provides details of allegations contained in her original complaint only, as follows:
 1. short and plain statements of the claim(s) showing that the pleader is entitled to relief, as required by Fed.R.Civ.P. 8(a)(2);
 2. simple, concise, and direct averments, as required by Fed.R.Civ.P. 8(e)(1); and
 3. averments made in numbered paragraphs, each of which is limited as far as practicable to a statement of a single set of circumstances and in separate claims, as required by Fed.R.Civ.P. 10(b).

Motion to Limit Appearance; and **DENIES** the Motion to Dismiss – (A) Subject Matter Jurisdiction to Dismiss, (B) Personal Jurisdiction, (C) Insufficient Process, (D) Insufficient Service. The Court holds in abeyance the relief requested in the alternative: (III) to Strike Complaint; and (IV) for More Definite Statement as set forth herein.

**SO ORDERED** this 24 day of October, 2006.

*/s/ Larry A. Burns*
**LARRY ALAN BURNS**[*]
District Court of Guam

---

[*]The Honorable Larry Alan Burns, United States District Judge for Southern District of California, by designation.