Claudette McGhee, Pro Se
Post Office Box 3268
Hagatna, Guam 96932

Phone: (671) 477-9128

FILED
DISTRICT COURT OF GUAM

DEC 1 1 2006

MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| Claudette McGhee, Plaintiff | ) | Civil Case No. 06-00014 |
| | ) | |
| Vs | ) | REPLY TO ORDER ISSUED ON |
| | ) | October 25, 2006 |
| | ) | |
| Herominando delos Santos, | ) | |
| John Rider and Gary Hartz, Defendants | ) | |

COMES NOW, Claudette McGhee, Plaintiff before this court to answer Defendant's Motions: (1)to limit Appearance, (2) to dismiss, -(A) Subject Matter Jurisdiction, (B) Personaln Jurisdiction, (c) Insufficient Process, (D) Insufficient Service, Alternatively: (3) to strike Complaint; (IV) for more definite Statement!. Pursuant to Local Civil Rule 7.1(e)(3). The Court rendered it decision on October 25, 2006 and entered its Order on the Docket on October 26, 2006.

    Plaintiff, pro se brought this action before the Court on a Complaint alleging that Guam Community College, President, Academic Vice President and the Student Development Administrator (Plaintiff's Supervisor) conspired together in creating schemes that deprived Plaintiff of equal employment rights, access and privileges afforded other similar first level administrative employees. Plaintiff was subjected to discriminating treatment because of race, age, seniority and nation origin. After Plaintiff filed an Equal Employment Opportunity Commission Complaint, GCC management engaged in actions of reprisal, retaliation and thus termination.

    This action is brought , pro se, by Plaintiff, Claudette McGhee, pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. Section 2003, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et seq. The Civil Rights Act of 1866 -42 U.S.C. Section 1985 and Title 42 U.S.C. Section 1981

    Jurisdiction is vested in this Court pursuant to Title VII of the Civil Rights Act of 1964, as amended, title 42 U.S.C. section 2000e et.seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et seq. and Title 42 U.S.C. Section 1981.

McGhee vs delos Santos
Case # CV-00014
December 2006

Plaintiff alleges that the defendants discriminated against her because of her race, color, age, seniority and national origin in violation of Section 703, (1) & (2) of the Civil Rights Act of 1964 which states:

(1) *"It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of his race, color, religion, sex, or national origin; or*

(3) *"to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. (as amended by P.L.92-261, effective March 24, 1972;*

Plaintiff alleges punitive and compensatory damages and claims the protection of the Civil Rights Act of 1964 Section 1981. The court held in the case of Johnson v. Railway express Agency, Inc., the Supreme Court stated, "An individual is entitled to both equitable and legal relief, including monetary relief, compensatory pay, and under certain circumstances, punitive damages. Punitive damages are awardable when the defendant has acted, "wantonly, maliciously, or in bad faith."

Plaintiff further alleges that the defendant intentionally engaged in unlawful employment practices, reprisal and retaliation which resulted in Plaintiff being: (1) involuntarily transferred & reassigned various job tasks (2) employing other applicants to fill the positions that Plaintiff was currently assigned, namely, *(Adult Education Program Specialist, & Service Learning Program Specialist)* (3) denial of equal treatment, access and equal opportunity for professional growth, *inclusive of (a) Off-island training, (b) appointment to college committees, (c) limited management memo meetings/workshops transmittal & other communications/training brochures etc. (4) publication of Plaintiff's Program title in the GCC 2003-4 Catalog, (5) denied the publishing of a Campus Life Program Brochure, (6) denied Plaintiff promotional employment which was provided to a newly hired two-year contractual employee, (7) the newly developed Office of student development resulted in Plaintiff being deprived and released of her administrative responsibilities, program budget, and student activities which were transferred through program restructuring and reorganizing the Campus Life programs and funding sources.*

Page 2 of 9

Plaintiff request back pay, accumulated sick leave, and annual leave pay from the date of termination to the date that this court renders a decision. Plaintiff claims relief and the protection pursuant to the: (1) Age Discrimination in Employment Act Sections 706 (g), 707, (2) Title VII of the Civil Rights Act of 1964 section 704 (a), as amended, (3) Title U.S.C. Section 1981, (4) Section 1985, 626(b) and the Federal Revenue Sharing Act.

**Plaintiff provides Answers to the following defenses:**

## First Defense
### (Motion to Limit Appearance)

1. Plaintiff accepts the allegations contained on page 2, paragraph 2, lines 12-15, of this order and admits that she did not serve summons to Defendants pursuant to the federal Rules of civil Procedure –Rule 4.1. Plaintiff was without sufficient knowledge to understand that the filing of the Complaint was officially considered filed by the court.
2. Plaintiff relied on the understanding that the complaint was to be review by the court's legal team and after rendering a decision, the court would notify Plaintiff regarding her rights to file a Complaint.
3. Plaintiff was further relied on the pre-trail scheduling conference to determine if the Complaint would go to trial or a resolution would be reached.

## SECOND DEFENSE
### (Lacks Jurisdiction over the Subject Matter)
### (Motion to bar Plaintiff's claim by the Eleventh Amendment)

4. Plaintiff accepts and agrees with the Court's decision to deny dismissal of this complaint.

Plaintiff alleges that the Defendant, Dr. delos Santos conspired with the Divisional management officials to design job activities for Plaintiff that resulted in depriving Plaintiff of equal access, equal opportunity, equal rights and privileges as provided other Program Specialists and department Chairpersons employed at the college. The defendant, Dr delos Santos engaged in practices, that included (involuntary transfers, reassignment of job tasks, denial of due process) and promulgated policies and practices (reorganization and creating a newly Student development Office) that were in violation of the GCC Personnel Rules and Regulations, Sections 344.03 (a), (b), (c), (d), Assignments; which reads, "employee assignments shall be equitable and shall be guided by Seniority in the divison." Sections 10.001-Employee Performance Evaluation; 10.007 (a) Performance Evaluation Period; and GCC's non-discrimination policy.

5. The Plaintiff agrees and accepts the decision that the Court does have jurisdiction over the subject matter, pursuant to the 14th amendment Due Process Clause, Title VII of the Civil Rights Act of 1964, and all subsequent amendments. Plaintiff moves the Court to order the defendant to compensate Plaintiff pursuant to Title VII of the Civil Right Act of 1964 which authorize compensatory and punitive damages in cases of intentional discrimination and attorney fees (if applicable)

### THIRD DEFENSE
### (Personal Jurisdiction)
*Service Insufficient, method and process of Service*

(6) Plaintiff admits that she did not properly serve Defendants, because she understood that service was to take effect upon notification from the court that her Complaint was to be heard.

(7) Plaintiff accepts the court's decision that service was insufficient. Plaintiff had relied on her understanding of the Federal Rules of Civil Procedure –Rule 4 (2) which states in part, ... "Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the Plaintiff, however, the court may direct that service be effected by a United States Marshall,...Such an appointment must be made when the Plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. Section 1915." Plaintiff asserts that she believed the defendants were to be served summons upon notification that the Court provided authorization..

(8) Plaintiff prior to leaving the Island, spoke with the Clerk of Court and again via telephone regarding the Summon was told that the Summons would be signed by the Clerk of court, when authorized by the Court. Plaintiff, now agrees that she misunderstood the process of how the authorization was to be accomplished and the summons should have been served Plaintiff admits that she failed to comply with this rule.

Plaintiff humbly begs the Court for leniency in her failure to properly serve the defendants. Plaintiff's attention was both distracted by her own illness and the health care she had to render to her ninety four year old terminal ill mother. Plaintiff made over twenty (20) calls seeking the service of a Guam lawyer and was not successful. Several attempts were made in California, but those I contacted were not permitted to practice on Guam.

## FOURTH DEFENSE
### (Complaint be Stricken or Provide a More definite Statement)

## AMENDED COMPLAINT

1.  Plaintiff, pro se, Claudette McGhee, (African American) is a sixty eight years (68) old female bringing this complaint of discrimination against Guam Community College President, Academic Vice President and the Resident Life/Student Development Office Administrator.

2.  Plaintiff, alleges that Guam Community College, President, Academic Vice President and the Student Development Administrator (Plaintiff's Supervisor) conspired together in creating schemes that deprived Plaintiff of equal employment rights, equal treatment, access, opportunity and privileges afforded other similar first level administrative employees. Plaintiff was subjected to discriminating treatment because of race, age, seniority and nation origin. After Plaintiff filed an Equal Employment Opportunity Commission Complaint, GCC management engaged in actions of reprisal, retaliation and thus termination.

3.  This action is brought pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. Section 2003, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et seq. The Civil Rights Act of 1866 -42 U.S.C. Section 1985 and Title 42 U.S.C. Section 1981

4.  Jurisdiction is vested in this Court pursuant to the Organic Act of Guam, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1985, title 42 U.S.C. section 2000e et.seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et seq. and Title 42 U.S.C. Section 1981.

## BACKGROUND

Plaintiff was employed for Guam Community College from December 21, 1978 to June 10, 2005. Plaintiff's initial assignment was to fill the Adult Basic Education administrator's federally funded position. Plaintiff held that position from December, 1978 to October, 2000 before being detailed to perform other tasks. Beginning January 2001, a series of involuntary transfers and re-assignments occurred.

Plaintiff alleges that on June 10, 2005, the defendant, Dr. delos Santos issued a memo terminated her employment for incompetence and insufficiency. Plaintiff further alleges that the supervisor's performance evaluation of her work was subjective, contrived, malicious and falsified the reported work accomplished. The performance evaluation report was intentionally designed by management to terminate her employment due to age, race, and seniority. I was the only African American employed for GCC at the management level.

The basic for this complaint is disparate treatment, disparate impact, harassment, and retaliation for not retiring in 2000 and filing the EEOC discrimination complaint. The facts giving rise to this discrimination complaint stretch over a period of more than four (4) years. The discrimination issues arises out of the Guam Community College, President, Academic Vice President and Student Development, administrator subjecting Plaintiff to a hostile working environment, denying equal access, equal treatment, and equal opportunities for advancement and job promotions as provided other employees similar situated, because of her race, age, national origin and seniority.

## DISCUSSION

1. The Plaintiff first moves this Court to allow the Plaintiff, Claudette McGhee, Pro Se, **to submit an amended complaint** for the purposes of correcting the following violations: (1) insufficiency of process, (2) insufficiency of service, (3) time limit for service, and (4) form of Pleadings.

Plaintiff, Claudette McGhee, age 68, born in the United States, is an African American educator. She has earned a Bachelor of Science degree, a Masters of Education degree, certifications for teaching and counseling, and is licensed to practice as an Individual Marriage and Family Therapist. Plaintiff is now in a crisis situation of major magnitude and one that can adversely affect her future career. She is now faced with a destroyed reputation, a stacked deck of negative and false evaluations of her work ethics and performance and the facts are that her age, race and health further complicates and limits her opportunities for future employment. " A mind is a terrible thing to waste," therefore, Plaintiff ask the court for leniency in this matter.

Plaintiff consulted with more than twenty (20) Guam Attorneys who refused to take her case, reasons given: some stated they were not discriminating lawyers, a few stated they were no longer taking discriminating cases, a couple stated they were focusing there efforts on real estate law, and one did promise to take the case, who later withdrew, due to a trial case which required all of her time. I made additional efforts to find a lawyer in California, unfortunately, all that I contacted were not permitted to practice law on Guam. For these reasons and others, Plaintiff humbly beg the mercy of the Court in permitting her to Amend her Complaint.

## STATEMENT OF THE ISSUES

1. The first issue is to determine, whether the action of the defendant, Dr. delos Santos offering Plaintiff a contract (October 2000) if she agreed to retire not later than December 2000, was to serve a legitimate compelling mission of the college?

2. To determine, whether the actions of the defendant, Dr. delos Santos transferring and reassigning Plaintiff from her initial assignment –Adult Education-Program Specialist retaliatory and discriminating?

3. To determine whether the actions of the defendant, Dr. delos Santos of recruiting and employing limited term employees to fill the position of Adult Education, Program Specialist and Service Learning Program Specialist while Plaintiff was still assigned to those positions was in violation of GCC Personnel Rules and Regulation and Plaintiff's contract?

4. To determine, whether the actions of the defendant, Dr. delos Santos, treated Plaintiff differently and discriminated against Plaintiff in denying her off-island training to keep current and acquire new skills as was provided for each of the other College Program Specialist?

5. To determine, whether the actions of the defendant, Dr, delos Santos transmitted memo, that instructed the Plaintiff's supervisor to charge the Plaintiff as insubordinate on her performance evaluation report was discriminating, when in fact, no insubordination had occurred.

6. To determine, whether the actions of the defendant, Dr. delos Santos in placing Plaintiff on a ninety (90) day probationary period, who had earn an annual satisfactory rating, was discriminating and in violation of the GCC Personnel Rules and Regulations Administrative Directive 95-001?

7. To determine, whether the action of the defendant, Dr. delos Santos in transmitting a memo to Plaintiff and her Supervisor, that stated in part, "Plaintiff is to be terminated if satisfactory performance is not achieve on the ninety (90) days," was retaliatory to the Hearing Committee over-ruling Plaintiff Supervisor's unsatisfactory performance evaluation.

8. To determine, whether the actions of the defendant, Dr. delos Santos in terminating Plaintiff's membership on the Soku Committee discriminating and assigning other job tasks to the Student Development Administrator and Program Coordinator (Meet Your President) was discriminating and beyond the scope of his duty as President?

9. To determine, whether the actions of the defendant, Dr. delos Santos discriminated against Plaintiff in denying her legal representation at the GCC Board of Trustees Hearing Meeting and at the same time provided legal counsel for Mr. Gary Hartz ?

10. To determine, whether the actions of the defendant, Dr. delos Santos, offer to cancel expunge the negative documents in Plaintiff's personnel file and remove the incompetence and insufficiency cause of termination if Plaintiff retired and withdrew the EEOC complaint was the intended harassment?

### ACADEMIC VICE PRESIDENT

11. To determine, whether the defendant, Dr. John Rider in his actions discriminated against Plaintiff in the omission of her program title as listed in the GCC catalog 2003-4 among other listed Program Specialist?

12. To determine, whether the defendant, Dr. John Rider in his actions of approving program funding (three (3) days before conference) to conduct a student conference was harassment, discriminating and treating Plaintiff differently than other program managers seeking funding approval?

13. To determine, whether the defendant, Dr. John Rider in his actions discriminated and treated Plaintiff differently in the conduct and submission of a performance evaluation memo that was transmitted to Plaintiff's Personnel Files as an official evaluation document of observed Plaintiff's behaviors while attending a student conference and if the evaluation memo was in compliance with the GCC Personnel Rules and Regulations- Administrative Directive 95-001 Performance Evaluation?

14. To determine, whether the defendant, Dr. John Rider actions were discriminating in requiring Plaintiff to plan the GCC program activities for Gary Hartz to conduct during the presentation of the traveling exhibition of Ghandi, King and Ikeda, from which Plaintiff had been dismissed because she was not to represent the college?

15. To determine, whether the defendant, Dr. John Rider in his actions of transferring, reorganizing and assigning the Campus Life programs to the newly developed Student Development Administrator denied the Plaintiff professional advancement and violated the GCC Personnel Rules and Regulations –Sections 344.03 (a), (b), (c), (d) was discriminating?

16. To determine, whether the defendant, Dr. John Rider's in his actions of pointing his fingers into Plaintiff's face and directing her to plan the GCC program, turn over the name of the Soku Committee telephone numbers and report to Mr. Hartz, regarding the traveling Exhibition of Ghandi, King and Ikeda from which she had been removed because the President did not want her representing the college was discriminating and abusive?

### STUDENT DEVELOPMENT ADMINISTRATOR

17. To determine, whether the actions of the defendant, Mr. Gary Hartz Performance Evaluation of Plaintiff was in compliance with the GCC Personnel Rules and Regulations-Administrative Directive 95-001- performance evaluation criteria, in relation to:

(1) basic document for salary increment, (2) explore areas of possible need for improvement and growth, (3) uncover special abilities and potentials and allow for enhancement of her skills to the benefit of the employee and the college, (4) provide and improve the services of the college and to what extent and how were these areas communicated to Plaintiff during the ninety day evaluation period.

18. To determine, whether the actions of the defendant, Mr. Gary Hartz's used a standard of ratings for each assigned job task performed by the Plaintiff in rendering his decision of satisfactory or non satisfactory work or subjective methods ?

19. To determine, if the actions of the defendant, Mr. Gary Hartz provided Plaintiff corrective measures and demonstrated examples on the standards of performance required to achieve satisfactory and how were these corrective measures communicated?

20. To determine, whether the actions of defendant, Mr. Gary Hartz, deprived Plaintiff of her administrative and management responsibilities in the job assignment and discriminated against Plaintiff in the performance of her work?

In conclusion, Plaintiff alleges that Guam Community College Defendants: Dr. Herominiano delos Santos and Dr. John Rider consistently and flagrantly engaged in practices which are diametrically opposed to GCC Personnel Rules and Regulations, Sections 10-001-Employees Performance Evaluation, 10-007- Performance Evaluation Period, and its Administrative Directive- section 95-001- Performance Evaluation Procedures. Defendants, further violated GCC Personnel Rules and Regulations, Sections 14.800(2) Classified Employees; 344.03 (a) (b) (c) (d)- Assignments in regards to adhering to its Equal Employment Opportunity policy, affirmative action and providing equal opportunity, equal treatment and equal access.

Plaintiff pray that this Honorable Court will be lenient and grant Plaintiff the opportunity to amend the Complaint.

Respectfully submitted this 11th day of December 2006.

By: *Claudette McGhee*
Claudette McGhee, Pro Se