CABOT
**MANTANONA LLP**
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



**FILED**
DISTRICT COURT OF GUAM
DEC 18 2006
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | | |
|---|---|---|
| Claudette McGhee, | ) | Civil Case No. 1:06-cv-00014 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **RESPONSE TO REPLY TO ORDER ISSUED ON OCTOBER 25, 2006** |
| Herominando Delos Santos, et al. | ) ) ) | |
| Defendants. | ) ) | |

COMES NOW Defendant delos Santos, without waiving his jurisdictional defenses, and hereby: (A) requests that this Honorable Court issue an ORDER that Dr. delos Santos is permitted to enter a limited appearance for purposes of responding to the Reply to Order Issued on October 25, 2006, filed herein on December 11, 2006 ("Reply to Order"), and preserving his jurisdictional defenses, without submitting to the *in personam* jurisdiction of the District Court of Guam; and (B) submits his Response to Reply to Order Issued on October 25, 2006. Dr. delos Santos' instant request is consistent with the Order filed herein on October 25, 2006 ("Order") (*see* Order at p. 2, lines 12-15), and warranted because process was insufficient (Order at p. 4, line 3) and service of process was insufficient (Order at p. 4,

**McGhee v. delos Santos**
**Civil Case No. 1:06-cv-00014**
**RESPONSE TO REPLY TO ORDER ISSUED ON OCTOBER 25, 2006**

lines 17.5-18.5).

Dr. delos Santo very respectfully submits: (1) plaintiff has failed "to show good cause why service of process has not been properly made on the defendants and why this case should not be dismissed." (Order at p. 5, lines 20.5-22.5); and (2) because "good cause [has not been] shown, dismissal is required. See Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1986) [(recognizing that inadvertence does not qualify as good cause for failure to comply diligently with service requirements)]" (See Order at p. 5, line 22.5).

The record herein shows that plaintiff cannot demonstrate excusable neglect for failing to timely serve a summons and complaint: (a) on May 24, 2006, plaintiff filed her complaint herein (Docket No. 1); (b) thirty-four days later, on June 27, 2006, plaintiff filed herein a document captioned "Off-Island" (Docket No. 2) and signed a document captioned "Summons in a Civil Case" that "did not even minimally comply with the federal rules regarding ... form and issuance ...." because it "was not signed by the clerk, did not bear the seal of the court, did not identify the court, and did not state the name and address of the *pro se* plaintiff" (Order at p. 3, lines 21.5-22.5 and p. 4, lines 1-2); (c) service of process as to Dr. delos Santos was insufficient (*see* Order at p. 4, lines 17.5-18.5); (d) "no proof of any kind demonstrating that service was completed on any of the defendants is listed in the Court's docket." (Order at p. 4, lines 20.5-21.5); and (e) on December 11, 2006, plaintiff filed her Reply to Order.

Plaintiff herein has failed "to show good cause why service of process has not been properly made on the defendants and why this case should not be dismissed" (Order at p.

-2-

McGhee v. delos Santos
Civil Case No. 1:06-cv-00014
RESPONSE TO REPLY TO ORDER ISSUED ON OCTOBER 25, 2006

5, lines 20.5-22.5) because her Reply to Order sets forth two (2) insufficient explanations. *Stare decisis* and the precedents set forth below clearly establish that the reasons advanced as "good cause" are really no cause at all: (i) ignorance of the requirements of the Federal Rules of Civil Procedure (Reply to Order at pp. 3-4); and (ii) illness (Reply to Order at p. 4). Clearly, "[a]lthough the plaintiff herein is *pro se*, she is expected to abide by the Rules of Federal Procedure. *See Carter v. Commissioner*, 784 F.2d 1006, 1008-1009 (9th Cir. 1986)." Order at p. 3, lines 13-14.

Ignorance of the requirements of the Federal Rules of Civil Procedure is no excuse for failing to comply with the requirements of Federal Rule of Civil Procedure 4(m). *See Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) (emphasis added). Similarly, plaintiff's bare allegation of illness as "good cause," while explaining neither the nature of the illness nor how that illness contributed to an impossibility to make service, is no excuse for failing to comply. *See Vannoni v. TSO*, 120 F.R.D. 501, 503 (E.D.Pa. 1988) (emphasis added).

Dr. delos Santos very respectfully submits that:

> [The Ninth Circuit has] noted that Rule 4[(m)] "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," .... To hold that complete ignorance of Rule 4[(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.
> .... "By providing that district courts 'shall' dismiss a complaint served over 120 days after its filing unless ⋯ good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case." Id.

**McGhee v. delos Santos**
Civil Case No. 1:06-cv-00014
**RESPONSE TO REPLY TO ORDER ISSUED ON OCTOBER 25, 2006**

See *Townsel v. County of Contra Costa*, 820 F.2d 319, 320-321 (9th Cir. 1987) (*citing Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)).

For the reasons stated, Dr. delos Santos very respectfully requests that this Honorable Court dismiss this case without prejudice because plaintiff has failed to show good cause why service of process has not been properly made on the defendants and why this case should not be dismissed.

Respectfully submitted this 18th day of December, 2006.

CABOT MANTANONA LLP

By: *David W. Hopkins*
DAVID W. HOPKINS

DWH:km
RESPONSE TO REPLY TO ORDER (12-18-06)