Claudette McGhee, Pro Se
Post Office Box 3268
Hagatna, Guam 96932

Phone: (671) 477-9128

FILED
DISTRICT COURT OF GUAM
DEC 22 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| Claudette McGhee, Plaintiff ) | Civil Case No. 06-00014 |
| ) | Second |
| Vs ) | ~~FIRST~~ AMENDED COMPLAINT |
| ) | FOR DISCRIMINATION (Corrected Copy) |
| Guam Community College, Board of ) | |
| Trustees, Herominando delos Santos, ) | (Jury Trial Requested) |
| John Rider and Gary Hartz, Defendants ) | |

1. This matter came before the Honorable Judge, Joaquin V.E. Manibusan on the 14th day of December, 2006 on: (1) Defendant's Stipulation requesting that the court issue an Order permitting Dr. delos Santos to enter a limited appearance for purposes of preserving his jurisdictional defenses without submitting to the in personam jurisdiction, and (2) additionally, the Court granted Plaintiff permission to amend original Complaint and to effectively serve upon defendants the summon.

2. Present in the Court were Counsel David Hopkins representative for the Defendant (Dr. Herominiano delos Santos and Plaintiff, Claudette McGhee, Pro Se. .

3. This Discrimination Complaint is brought by Plaintiff, Claudette McGhee, Pro Se to enforce Title VII of the Civil Rights Act of 1964, as amended, section 2000e, et. seq.; 42 U.S.C. Section 2003, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et seq. The Civil Rights Act of 1866 -42 U.S.C. Section 1985 and Title 42 U.S.C. Section 1981.

4. This court has jurisdiction over this action pursuant to the Organic Act of Guam; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2, 5(f) (3); et.seq. the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et seq. and Title 42 U.S.C. Section 1981.

5. Plaintiff alleges that Guam Community College, Board of Trustees, President, Academic Vice President and the Student Development Administrator (Plaintiff's Supervisor) discriminated against her because of her race, color, age, seniority and national origin. Plaintiff further alleges that Defendants deprived her of equal employment benefits, training and other privileges afforded to other GCC employees who are similar situated or first level administrators.

-1-

**ORIGINAL**

## PARTIES

6. Plaintiff, Claudette McGhee is a citizen of the United States of America and a resident of the Territory of Guam since August, 1968. She is an African American employed by Guam Community College to fill the federally funded Adult Education – Program Specialist position on December 21, 1978.

7. Defendant, Guam Community College is a semi-autonomous government of Guam agency operating under a Board of Trustees and is the only local two-year community college in the Territory of Guam, and was the employer from whom Plaintiff was employed for more than twenty seven (27) years. Guam Community College principal place of business is located in the village of Mangilao, Guam.96921

8. Defendant, Dr. Herominiano delos Santos is a citizen of the United States of America and a resident of Guam employed in the position of President of the college since 2000.

10. Defendant, Dr. John Rider is a citizen of the United States of America and a resident of Guam employed as the Academic Vice President of the college before 2000.

11. Defendant, Mr. Gary Hartz, is a citizen of the United States of America and a resident of Guam employed as a contractual employee August, 2002 to fill the position Resident Life Administrator, transferred January, 2003 to the newly created office of Student Development as the Administrator over the restructured and reorganized Office of Campus Life Programs.

## FACTS

12. Defendants, Guam Community College is an employer with the meaning of 42 U.S.C 2000e and Plaintiff, Claudette McGhee, was an employee within the meaning of Section 42 U.S.C. 2000e.

13. Defendant, GCC, is engaged in the business of providing public vocational education. The college operates secondary and post secondary vocational programs, adult and continuing education, community education and short term specialized education and is engaged in commerce within the definition of 42 U.S.C. 2000e.

14. GCC has employed only two (2) full-time African American administrators on during the history of the College, and Plaintiff was the only full-time African American administrator for the past eight (8) years.

15. Plaintiff, Claudette McGhee was initially employed by the Defendant, GCC as a fulltime Adult Education first level administrator and paid an annual salary.

-2-

McGhee vs. GCC, Defendants
Case N0: CV-00014

16. Defendant, GCC President in the year of (2000) recruited, interviewed and employed a new employee to fill the Adult Education- Program Specialist's position that Plaintiff was currently assigned.

17. Defendant, GCC President in the year (2003) recruited, interviewed and employed a Service Learning Program Specialist (2003) to fill the position that Plaintiff was involuntarily transferred and was currently assigned.

18. Defendant, GCC President promoted a two-year off-island contractual employee, to reorganize the Campus Life programs, supervise and administer the budget and programs for which Plaintiff had been assigned.

19. Defendant, Academic Vice President discriminated and abused Plaintiff in the denial of equal treatment, approval of program funds, performance evaluation and reassignment of duties.

20. Defendant, Student Development Administrator, created a hostile working climate and discriminated against Plaintiff in regards to conduct of performance evaluation, off-island training, communication memos and fair treatment.

21. Plaintiff, was denied support from the President in providing equal treatment and protection from the created hostile working environment, discrimination, harassment, personal cruelty, and the duplication of duties and responsibilities that she was subjected to under the supervision of her supervisor.

22. The Defendant/employer, transferred and assigned the Campus Life Office programs, administrative duties and responsibilities and programs funds to the newly created position, assigned to Mr. Gary Hartz, a contractual employee, entitled (Student Development Administrator) under the newly organized Student Development Office, without Board approval.

23. The Campus Life-Program Specialist was striped off her administrative duties and responsibilities with the developed job description created by Mr. Gary Hartz.

24. At all times, Plaintiff is a credential teacher, counselor and administrator, who has earned satisfactory work experience for over thirty (30) years on the island of Guam and more than five (5) years as an educator in San Francisco, California.

25. Defendant, GCC is denying the Plaintiff, Claudette McGhee, due process, a right and a privilege as a United States Citizen. residing under the laws of the United States in the Territory to be employed and practice her profession as an educator at the College.

- 3 -

McGhee vs. GCC, Defendants
Case N0: CV-00014

## FIRST CAUSE OF ACTION

26.     Plaintiff, Claudette McGhee, hereby repleads Paragraph 1 through 25 of this Amended Complaint and incorporates them by reference.

27.     Plaintiff has been qualified or has exceeded the qualification for the positions for which she was transferred from, and for the arranged unannounced promotional position of Student Development Administrator.

28.     Plaintiff alleges that Defendants actions of reassignments and involuntary transfers discriminate against her because of her race, nation origin, age, seniority and was the only employed fulltime African American at the college.

29.     Defendant's denied Plaintiff in her assigned Program specialist roles off-island training opportunities as an Adult Education, Service Learning, and Campus Life administrator as provided the other employed Program Specialist.

30.     That Plaintiff has filed her charges before the Equal Employment Opportunity Commission (EEOC) and the Plaintiff has received a right to sue letter from the U. S. Dept of Justice Civil Rights Division and the discrimination alleged in this Complaint was included in he charges filed with the EEOC.

31.     As the proximate results, of the discriminating action (wrongful termination) of the Plaintiff taken by the Defendant GCC, has damaged the Plaintiff and deprived her of employment for which she is qualified for both counseling and teaching positions within the college.

32.     Plaintiff has suffered both physical ailments, mental stress and the loss of income including medical insurance, dental insurance, accumulated sick leave, professional reputation and the successful opportunity to pursue her chosen profession on island.

## SECOND CAUSE OF ACTION

33.     `Plaintiff, Claudette McGhee, hereby repleads Paragraph 1 through 25 of this amended complaint and incorporate them herein by reference.

34.     The Defendants, Dr. Herominiano delos Santos, Dr. John Rider and Mr. Gary Hatrz, acting in their capacities, willfully, maliciously and with the intent to harm terminated Plaintiff's employment for which other GCC employees whose work performance has been found unsatisfactory has not been terminated.

- 4 -

35. Defendant denied Plaintiff the opportunity to access the Hearing Committee to review the unsatisfactory Performance evaluation.

36. As a results of the Defendant's termination actions, Plaintiff has suffered loss of income, professional standing and discriminatory treatment because of her race, national origin and age.

## THIRD CAUSE OF ACTION

37. Plaintiff, Claudette McGhee, hereby repleads Paragraph 1 through 25 of this amended complaint and incorporate them herein by reference.

38. The Defendants and each of them knew, or should have know that the Plaintiff's status and membership as the African American appointed by the Governor of Guam as the Executive Director of the Guam's Martin Luther King Jr. Human Rights Commission rendered Plaintiff extreme mental, physical and emotional suffering at the removal and replacement of Mr. Gary Hartz on the Ghandi, King and Ikeda traveling Exhibition Committee, because the College did not want Plaintiff representing the college at that level in the local or national communities.

39. Defendant, denied Plaintiff off-island training for a federal funded GEMS grant in which the college provided 20% of her salary to the Grant as the program manager of the grant and other grant participants were provided off-island training.

40. Defendants, Dr. Herominiano delos Santos and Dr. John Rider abuse their positions authority as President and Vice President ,in the reassignment of job tasks to the Student Development Program Coordinator, extending probationary performance evaluation period after an annual satisfactory performance evaluation report, and the Vice President's delay and denial of funding to carryout program activities and the submission of a performance evaluation memo of Plaintiff's work that were never observed.

41. That as a direct consequence of the Defendants continued actions, Plaintiff suffered increased medical treatments for extremely high blood pressures, migraines, back pains, blurred vision, hearing loss, insomnia and other related physical ailments.

## FOURTH CAUSE OF ACTION

42. Plaintiff, Claudette McGhee, hereby repleads Paragraph 1 through 20 of this amended complaint and incorporate them herein by reference.

43. Defendants, intentionally, consistently and with the intent to degrade, professional insults and cause emotional distress, Defendant's supervisor requested Plaintiff to

-5-

convene a committee to plan for a student conference and after convening and submitting program plans, funding was denied, while at the same time, this same supervisor approved funding for other supervised employees and additionally, Plaintiff, was denied the privilege of publishing and distributing a Campus Life Brochure as provided other supervised program employees.

44. As a result of Defendant's actions, Plaintiff suffered loss of respect, income, professional reputation and personal humiliation.

### FIFTH CAUSE OF ACTION

45. Plaintiff, Claudette McGhee, hereby repleads Paragraph 1 through 25 of this amended complaint and incorporate them herein by reference.

46. Plaintiff alleges that the Performance Evaluation repot was subjective and did not comply with the GCC rules and regulations-performance evaluation criteria.

47. Plaintiff alleges that the defendant, supervisor did not provide corrective actions or the expected standard rating scores of achievement to be achieved for satisfactory work performance.

48. Plaintiff alleges that Defendant, supervisor untimely notified Plaintiff an unsatisfactory rating on all 15 tasks at the completion of the ninety (90) day probationary period.

49. Plaintiff further alleges the transfer of the Campus Life programs and funding to the newly created office of Student Development striped her of her administrative duties and responsibilities and the Student Development administrator assumed the assigned administrative duties and responsibilities of the Program Specialist Campus Life programs. As a result, Plaintiff was rated by the supervisor, who assumed her duties as incompetent and ineffective in carrying out her administrative duties and responsibilities.

50. Defendant, GCC, Board of Trustees denied Plaintiff Due Process, equal opportunity to be heard, an attempt to force Plaintiff to retire through a contractual agreement, does not have in place an effective Discrimination Complaint process for Administrator, the BOT by and through its agents of employees knew of the discrimination, the abuse, the bias treatment, the reorganization and development of the new Student Development Office and the promotion of the contractual employee.

51. Defendants failure to protect and preserve the rights of Plaintiff to work in a safe non-discriminating environment, has cause Plaintiff to suffer physical ailments, extreme mental and emotional distress.

## DEMAND (PRAYER)

WHEREFORE, Plaintiff, Claudette McGhee, prays that the court grant relief against the Defendants, jointly and individually as follows:

1. That the Court determine that the actions of Defendants violated Plaintiff's equal employment rights thus depriving her of equal treatment, training, promotions and opportunities as described herein to be unlawful;

2. That the Court award Plaintiff loss of income inclusive of accumulated annual leave, sick leave and holiday pay resulting from wrongful termination.

3. That the Court award Plaintiff full damages proximately resulting from the Defendants' actions of discrimination, reprisal and retaliation.

4. That the Plaintiff be awarded punitive damages for the disregard of Plaintiff as a professional, a person, and an employee of the college.

5. .That the Court order Defendant to reinstate Plaintiff in good standing and satisfactory work performance.

6. That Plaintiff be awarded cost for attorney fees; (if applicable).

7. That the Court orders Defendant to expunge all negative documents from Plaintiff's personnel files.

For such other relief as may be deemed just and proper, including health and dental insurance benefits and full credit toward Government of Guam retirement as a result of termination.

DATED: This 20th day of December, 2006

*Claudette McGhee*
Claudette McGhee, Pro Se
Post Office Box 3268
Hagatna, Guam 96932
Telephone: (671) 477-9128
E-mail:

- 7 -