

FILED
DISTRICT COURT OF GUAM
DEC 22 2006 nba
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| CLAUDETTE McGHEE,<br><br>    Plaintiff,<br><br>vs.<br><br>HEROMINANDO DELOS SANTOS,<br>JOHN RIDER AND GARY HARTZ,<br><br>    Defendants. | Civil Case No. 06-00014<br><br>**ORDER** |

This matter is before the court regarding Defendant Herominando Delos Santos' ("Defendant") request for dismissal of Plaintiff, Claudette McGhee's ("Plaintiff") complaint due to insufficient process and insufficient service of process under FED. R. CIV. P. 12(b)(4) and (5). Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] The court hereby issues the following decision.

### BACKGROUND

On October 25, 2006 this court issued an order finding Plaintiffs process and service of process insufficient but afforded Plaintiff an opportunity to demonstrate a justifiable excuse or good cause for the failure to properly serve all the Defendants. *See* Docket No. 17. Plaintiff was warned that failure to establish good cause would result in dismissal of the action.

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

**ORIGINAL**

On December 11, 2006, Plaintiff filed her response acknowledging that she failed to properly serve Defendants, citing essentially two bases for her failure to comply. She states that: 1) she misunderstood the rule; and 2) she was "distracted by her own illness and the health care she had to render to her ninety four year old terminal ill mother" [sic].[2] Defendant in his response requests dismissal of the action asserting that the reasons for failure of proper service supplied by Plaintiff do not constitute good cause.

## DISCUSSION

If proper service under Rule 4(e) is not accomplished within 120 days after the complaint is filed and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. *See* FED.R.CIV.P. 4(m). To avoid the harsh results of Rule 4(m), dismissals due to technical noncompliance with Rule 4 may be excused if (1) the party to be served personally received notice, (2) the defendant would suffer no prejudice from the service defect, (3) there is justifiable excuse or good cause for the failure to serve properly, and (4) the plaintiff would be severely prejudiced if her complaint was dismissed. *Borzeku* v. *Heckler,* 739 F.2d 444, 447 (9th Cir.1984). If good cause is not shown, dismissal is mandatory even where the dismissal eliminates the plaintiffs cause of action. *See Wei* v. *Hawaii,* 763 F.2d 370, 372 (9" Cir.1985).

Plaintiffs failure to comply with Rule 4(e) is not excused under the four-part *Borzeka* test. Although Plaintiff appears to have satisfied parts 1, 2, and 4,[3] she failed to meet part 3 of the *Borzeku* test. She failed to provide "good cause" for her failure to comply with Rule 4(e).

Plaintiff indicates that she misunderstood the Rule and its application. She offers her ignorance as a basis for her failure to comply. But, inadvertent error or ignorance of the governing

---

[2] Plaintiffs filing is captioned "REPLY TO ORDER ISSUED ON October 25, 2006." *See* Docket No. 22.

[3] Plaintiff seems to have satisfied parts 1, 2, and 4 of the *Borzeka* test with respect to Defendant Delos Santos, because (1) the party to be served personally, Delos Santos, received notice within the 120 days, (2) Defendant Delos Santos was not prejudiced by the technical noncompliance as he had actual knowledge of the suit, and (3) Plaintiff would be severely prejudiced by dismissal because of the 90-day statute of limitations. *See Borzeka,* 739 F.2d at 447. This is not the case with respect to the remaining defendants as there is no indication that the remaining two defendants ever received any notice whatsoever of this proceeding.

rules do not constitute "good cause." *See Townsel* v. *County of Contra Costa,* 820 F.2d 319, 320 (9th Cir.1987); Wei, 763 F.2d at 372. Further, Plaintiff asserts that her own personal illness and her need to care for her terminally ill mother form a basis for good cause for her failure to effect timely service. However, Plaintiff has failed to explain or demonstrate why these circumstances precluded service from occurring during the allotted 120-day period. Plaintiffs bare assertion is unpersuasive. Absent such an explanation, "good cause" has not been established. *See Vannoni v.* TSO, 120 F.R.D. 501, 503 (E.D. Pa. 1988). Thus, because Plaintiff failed to serve the Defendants properly within the 120-day period or to provide good cause for the failure, this court hereby dismisses Plaintiffs action.

## CONCLUSION

Based upon the foregoing, the court hereby **GRANTS** the Defendant Mr. Delos Santos' Motion to Dismiss based upon insufficient service of process. The matter is **DISMISSED** without prejudice as to all Defendants.[4]

**SO ORDERED** this 22nd day of December, 2006.

FRANCES TYDINGCO-GATEWOOD
CHIEF DISTRICT JUDGE

---

[4] Due to dismissal of the action, the remaining motions held in abeyance by this court in its October 25, 2006 order are rendered moot and will not be addressed further.